# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1895

_____

Robert Eugene Coleman,                    *
                                          *
          Appellant,                      *
                                          *
                                          *   Appeal from the United States
     v.                                   *   District Court for the
                                          *   District of Nebraska.
                                          *
David G. Rieck; Donald Carey;             *
Shannon Haney, in her official and        *   [UNPUBLISHED]
individual capacity; Louis J. Tomsu,      *
IV, in his official and individual        *
capacity; Steven Michael Martinez, in     *
his official and individual capacity;     *
Jerad Kruse, in his official and          *
individual capacity; John Gruidel, in     *
his official and individual capacity;     *
Gregg Barrios, in his official and        *
individual capacity; City of Omaha,       *
Nebraska,                                 *
                                          *
          Appellees.                      *

_____

Submitted: November 3, 2005
    Filed: November 16, 2005

_____

Before MELLOY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Robert Coleman appeals the district court's[1] judgment in favor of defendants in his 42 U.S.C. § 1983 action. We affirm.

Coleman filed a complaint against the City of Omaha, Police Chief Donald Carey, and seven police officers, alleging that the officers used excessive force in arresting him and conducted an unreasonable search and seizure, and that the city and police chief promulgated invalid policies, procedures, and customs, all in violation of the Fourth and Fourteenth Amendments. The district court granted summary judgment to defendant Officer Rieck on the illegal-search claim and granted summary judgment to three other defendant officers on the excessive-force claim. A trial was held on the excessive-force claims against Rieck and the other three remaining police officer defendants, the jury found in favor of defendants, and the court entered judgment in accordance with the verdict and denied Coleman's renewed motion for judgment as a matter of law (JAML). The court then dismissed the remaining policy claims against the city and the police chief, finding a verdict against those defendants would be irreconcilable with the exoneration of the individual officers.

We find that the district court properly granted summary judgment for Rieck on the illegal-search claim. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997) (de novo standard of review). First, the district court correctly found that the instant claim was not controlled by the ruling of the Nebraska Court of Appeals in State v. Coleman, 630 N.W.2d 686 (Neb. Ct. App. 2001), in which the court reversed Coleman's conviction for possession of crack cocaine because it found that the pat-down search of Coleman was illegal. See id. at 695, 698. The Nebraska Court of Appeals did not address whether Rieck was entitled to qualified immunity, and Rieck was not in privity with the state and did not have the opportunity to litigate qualified immunity. See Duncan v. Clements, 744 F.2d 48, 51-52 (8th Cir. 1984). Further, the

_____

[1]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

-2-

pat-down search was justified by Rieck's reasonable suspicion that Coleman might have been armed and dangerous. See United States v. Roggeman, 279 F.3d 573, 577 (8th Cir.), cert. denied, 537 U.S. 879 (2002). Coleman's designation as a "2CX," meaning he should be considered dangerous, along with the facts that Coleman could not produce the registration documents for the car and stated that the car belonged to a person whom Rieck recognized as being a known or suspected drug dealer, supported the suspicion. See United States v. Hanlon, 401 F.3d 926, 929 (8th Cir. 2005) (court looks to totality of circumstances to determine whether reasonable suspicion exists that individual is armed and dangerous; officer may reasonably suspect that suspected car thief might possess weapons); United States v. Walden, 146 F.3d 487, 491 (7th Cir. 1998) (information that passenger in stopped vehicle was "involved in gang crime activity" and was "armed and dangerous person" was sufficient justification for weapons frisk), cert. denied, 525 U.S. 1179 (1999); cf. United States v. Robinson, 119 F.3d 663, 667 (8th Cir. 1997) (reasonable for officer to believe individual is armed and dangerous if individual is suspected of being involved in drug transaction because weapons are associated with drug transactions). Finally, Rieck did not exceed the bounds of the search by asking Coleman to remove a crack pipe from his pocket, as Rieck testified that he suspected it was a crack pipe from the minute he touched it. See United States v. Hughes, 15 F.3d 798, 802 (8th Cir. 1994) (officer did not exceed bounds of Terry[2] frisk by seizing object when his first impression was that the bump he felt was crack cocaine, citing Minnesota v. Dickerson, 508 U.S. 366, 375-76 (1993)).

We also find that the district court did not err in denying Coleman's renewed motion for JAML, as the testimony from the officers describing why they used the force they did, and the testimony from their expert that the force did not exceed national standards, supported the verdict that the force used was not excessive. See Wilson v. Brinker Intern., Inc., 382 F.3d 765, 770 (8th Cir. 2004) (court must accept

---

[2]Terry v. Ohio, 392 U.S. 1 (1968).

facts in light most favorable to defendants and consistent with jury's verdict, and refrain from making credibility assessments inconsistent with jury's findings).

Finally, we find that the district court did not err in granting judgment for the police chief and the city on the policy claims, following the jury's verdict in favor of the individual officers. A verdict against the police chief or the city could not be harmonized with the jury's finding that the officers did not use excessive force, or with the court's determination that the search was legal. See Speer v. City of Wynne, Ark., 276 F.3d 980, 985-86 (8th Cir. 2002).

Accordingly, we affirm, and we deny Coleman's appellate motion.

_____